IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01237-CBS

JAMES SAINT-VELTRI,

    Plaintiff,

v.

WARDEN DICK SMELSER, et al.,
M.D. S. GARRETT,
M.D. MR. ASTAFAN,
JOHN DOE NO. 1, and
JOHN DOE NO. 2,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff James Saint-Veltri is in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility (CCCF) at Olney Springs, Colorado. Mr. Saint-Veltri initiated this action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983 alleging that rights under the United States Constitution have been violated. On July 20, 2006, he filed an amended complaint on the proper form. The court must construe the amended complaint liberally because Mr. Saint-Veltri is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Saint-Veltri will be ordered to file a second amended complaint.

    The court has reviewed the amended complaint and finds that it is deficient. First, Mr. Saint-Veltri fails to assert his claims clearly and concisely. Construing the

amended complaint liberally, Mr. Saint-Veltri apparently asserts the following five claims for relief: (1) grievances at CCCF are not answered; (2) he has been denied mental health treatment; (3) he has been denied an MRI; (4) he has been denied access to the courts because he has been denied access to the law library and his computerized legal files have been deleted; and (5) his legal mail was opened on two occasions. If these are not the claims Mr. Saint-Veltri intends to raise, he must clarify what his claims are in the second amended complaint he will be ordered to file.

The amended complaint also is deficient because Mr. Saint-Veltri fails to allege specific facts that demonstrate how the named Defendants personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Saint-Veltri must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Saint-Veltri fails to link the claims he is asserting in the amended complaint with the Defendants he is suing. It is not clear against whom Mr. Saint-Veltri is asserting each claim or why the individuals named as Defendants are being sued in this action. Therefore, Mr. Saint-Veltri will be ordered to file a second amended complaint

to allege personal participation. Mr. Saint-Veltri is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Saint-Veltri should name as Defendants in the second amended complaint the individuals that he believes actually violated his constitutional rights.

Finally, Mr. Saint-Veltri also must clarify in his second amended complaint how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Saint-Veltri must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Saint-Veltri has not exhausted administrative remedies for each of his claims, the entire action must be dismissed.

Mr. Saint-Veltri has submitted to the court a number of administrative grievances. However, those grievances do not demonstrate that he has exhausted the three-step

grievance procedure because he has not submitted any Step III grievances. Mr. Saint-Veltri's allegation that grievances at CCCF are not answered does not excuse the requirement that he exhaust administrative remedies because the DOC grievance procedure specifically allows an inmate to proceed to the next step in the three-step process if no response is received within the time allowed. *See* DOC Administrative Remedy 850-04, Grievance Procedure at IV.D.1.d. Therefore, Mr. Saint-Veltri must clarify how he has exhausted administrative remedies for each of his claims if he wishes to proceed in this action. Accordingly, it is

ORDERED that Mr. Saint-Veltri file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Saint-Veltri, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Saint-Veltri fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3rd day of August, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01237-CBS

James Saint-Veltri
Reg. No. 60017
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

　　I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___8-3-06___

　　　　　　　　　　　　　　　　　　GREGORY C. LANGHAM, CLERK

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk